**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

DOTY PROPERTIES, LLC; J. RICHARD
DOTY; MARTHA ANNE DOTY; and
AZALEA GARDENS, LLC,                                                                PLAINTIFFS,

VS.                                                                   CIVIL ACTION NO. 3:06CV62-P-A

APC PARTNERS II, LLC,                                                                DEFENDANT.

**ORDER**

This matter comes before the court upon Plaintiffs' Motion to Remand [10-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

On June 7, 2005, the plaintiffs entered into a "Fourth Forbearance Agreement" regarding the financing of the plaintiffs' nursing home, Azalea Gardens, with the defendant, APC Partners II, LLC ("APC"). On that same day, the parties entered into pledge agreements containing the following forum-selection clause:

> This Agreement shall be construed, interpreted and applied in accordance with the laws of the State of Mississippi applicable to contracts made and to be performed in such State. Each of the parties hereto agrees to the jurisdiction of the State and federal courts of Mississippi for all purposes under this Agreement and consents to service of process at its address as set forth herein. In addition, each party waives its right to object and agrees that venue is proper in any court in Lafayette, Hinds or Madison County, Mississippi, or such other place in Mississippi as the Secured Party may designate.

On April 19, 2006, APC notified the plaintiffs that they were in breach of the Fourth Forbearance Agreement. On April 21, 2006, counsel for APC informed the plaintiffs that APC would be exercising its rights in accordance with the parties' agreement, including assuming control over the subject nursing home.

1

On April 25, 2006, the plaintiffs filed the instant suit in the Chancery Court of Lafayette County, Mississippi. On that same day, the Chancellor in Lafayette County issued a TRO restraining the defendant from exercising its alleged rights under the subject forbearance agreement until a hearing could be held to determine each party's rights. Also on April 25, 2006, APC filed a Verified Complaint for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction in the Chancery Court of Hinds County, Mississippi.

On April 28, 2006, APC voluntarily dismissed their suit in Hinds County and removed this action from the Chancery Court of Lafayette County to federal court. APC argues that removal is proper given the aforementioned forum-selection clause and the existence of diversity jurisdiction – *i.e.,* that the amount in controversy exceeds $75,000 and there is complete diversity among the parties.

On May 3, 2006, the plaintiffs filed the instant motion to remand, arguing that (1) APC waived their right to removal because the forum-selection clause states that neither party can object to venue; (2) APC waived their right to removal to federal court by filing suit in the Chancery Court of Hinds County, Mississippi; and/or (3) the amount in controversy was stated in a conclusory fashion in the Notice of Removal.

Having considered the plaintiffs' arguments, the court concludes that they are without merit and the instant motion to remand should be denied.

First, the forum-selection clause states in pertinent part that "[e]ach of the parties hereto agrees to the jurisdiction of the State and federal courts of Mississippi for all purposes under this Agreement and consents to service of process at its address as set forth herein. In addition, each party waives its right to object and agrees that venue is proper in any court in Lafayette, Hinds or Madison

County, Mississippi, or such other place in Mississippi **as the Secured Party may designate**." (emphasis added). The "Secured Party" in this suit is APC; therefore, APC is the party in the agreement that has the sole right to choose venue in Mississippi. The defendant had the right to file their suit in any state or federal court in Mississippi. The defendant chose initially to file suit in the Chancery Court of Hinds County. Three days later, they chose to dismiss that suit – an act completely within their rights. APC then chose to remove the plaintiffs' action to federal court which was proper not only because of the existence of diversity jurisdiction, but also because the aforementioned forum-selection clause which gives APC the sole right to choose the venue in Mississippi regarding any disputes arising out of the Fourth Forbearance Agreement.

Second, the plaintiffs have cited no mandatory precedent for the proposition that the defendants waived their right to diversity jurisdiction in federal court simply because they filed, then voluntarily dismissed, a wholly separate suit in State court.

Third, there is no serious dispute that the amount in controversy in this case involves well over the $75,000 jurisdictional amount.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand [10-1 is **DENIED**.

**SO ORDERED** this the 2nd day of June, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE